UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05cv-22-R

J. LEE JOHNSON, ADMINISTRATOR OF
THE ESTATE OF WILLIAM PRESTON
MADDOX, deceased
PLAINTIFF

v.

LINDA W. PRATHER                                                           DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on the Defendant's Motion to Dismiss (Docket #12).

The Plaintiff, J. Lee Johnson, ("Johnson") has responded (Dockets #20 & #21).  This matter is

now ripe for adjudication.  For the following reasons, the Defendant's Motion to Dismiss is

**DENIED**.

## BACKGROUND

The Plaintiff is the Administrator of the Estate of William Preston Maddox ("Maddox"),

who died on April 27, 1999.  On June 22, 1999, a probate estate was opened in Fulton County,

Kentucky, and Roy C. Prather ("Mr. Prather"), the brother-in-law of Lillian Francis Prather

("Mrs. Prather") and uncle of the Defendant, was appointed administrator of the estate.  On April

7, 2003, Mr. Prather was removed as administrator and Johnson was appointed in his place.

Upon taking over for Mr. Prather, Johnson alleges that he discovered over $100,000 had been

wrongfully distributed from the estate in 2000 and 2001, and that prior to Maddox's death funds

had also been wrongfully taken from Maddox's account by the Defendant.  Johnson notes that

Mrs. Prather, the mother of the Defendant, Linda W. Prather ("Prather"), served as power of

attorney for Maddox for several years until his death in 1999.  Mrs. Prather entered a nursing

home in 1998, and continued to reside there until her death on September 3, 2002.

Johnson alleges that in 1998, while visiting Maddox, Prather and her mother drove to various financial institutions in western Kentucky in order to deposit and/or cash in funds that belonged to Maddox. Johnson further alleges that Prather assisted Mrs. Prather in prematurely cashing in a certificate of deposit on behalf of Maddox at Union Planters Bank of Kentucky in Mayfield, Kentucky during that time. One (1) year later in March of 1999, Johnson claims Prather assisted her mother in prematurely cashing in multiple certificates of deposit in the name of Maddox at the First National Bank in Clinton, Kentucky, and the First National Bank in Mayfield, Kentucky. Johnson alleges that the proceeds from those transactions were deposited in a joint account held by the Defendant and her mother, including a cashier's check in the amount of $18,841.65 made payable to Maddox, but deposited in a joint checking account in the name of Prather and her mother at the First National Bank in Clinton, Kentucky.

On the day of Maddox's death, April 27, 1999, Maddox's account with Edward Jones was liquidated, and on April 28, 1999, three (3) checks were issued to Maddox c/o Mrs. Prather at her daughter's address. Johnson claims that Prather assisted her mother in liquidating the checks in a joint account in the name of Prather and her mother, with the checks totaling $88,167.91.

Johnson alleges that Prather and her mother improperly liquidated funds belonging to Maddox before his death in 1999, and therefore, these funds should have been returned to the estate upon the death of Maddox because the liquidation constituted an impermissible gift in violation of Mrs. Prather's fiduciary duty to Maddox. In addition, Johnson asserts that the Defendant and her mother improperly cashed in the three (3) Edward Jones checks in Kentucky

banks, which did not belong to the Defendant and her mother, but to the estate.  Further, Johnson

claims that the previous administrator of Maddox's estate may have impermissibly distributed

approximately $98,450.82 to the Defendant in 2000 and 2001.  In May of 2002, the rightful heirs

of Maddox began to get suspicious about the administration of the estate.  The heirs requested

information concerning the Edward Jones account after the heirs asked the Defendant about the

account, and the Defendant denied knowing anything about it.

In her motion to dismiss, the Defendant contends that the complaint should be dismissed

because: it fails to state a claim upon which relief can be granted; the complaint has been

brought in the wrong federal district court (improper venue); and it is barred by the statute of

limitations.  Additionally, the Defendant argues that the Court does not have personal

jurisdiction over the Defendant.

### STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and

construe the complaint liberally in favor of the plaintiff."  *Lawrence v. Chancery Court of Tenn.*,

188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief."  *Achterhof v.

Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957)).  Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact

will not prevent a motion to dismiss.  *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir.

2002).  A "complaint must contain either direct or inferential allegations respecting all the

material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104

F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.

1993)).

## DISCUSSION

The Defendant has asserted three (3) arguments in her motion to dismiss. In addition, the

Defendant has vaguely referred to a personal jurisdiction claim in her motion, which the Court

will address as well. The Court will analyze each of these arguments individually.

### 1. Failure to State a Claim Upon which Relief can be Granted

As noted *supra*, the burden is on the moving party, in this case, the Defendant, to show

beyond a doubt that "the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Achterhof*, 886 F.2d at 831. In its motion to dismiss, the Defendant does

not offer any facts, law or evidence in support of its FRCP 12(b)(6) claim. In reading the

complaint liberally, in favor of the non-moving party, in this case, the Plaintiff, the Defendant

has not met her burden in demonstrating that Johnson has failed to state a claim. The complaint

sets forth specific facts and incidents upon which the Defendant may have improperly liquidated

funds from the deceased prior to his death and improperly taken from the estate after Maddox's

death in 1999. Accordingly, the Defendant has failed to demonstrate beyond a doubt that the

Plaintiff has failed to state a claim upon which relief can be granted.

### 2. Improper Venue

28 U.S.C. §1391(a) states in relevant part:

[a] civil action wherein jurisdiction is founded only on diversity of citizenship may,
except as otherwise provided by law, be brought only in (1) a judicial district where
any defendant resides, if all defendants reside in the same State, (2) a judicial district
in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In particular, in looking at §1391(a)(2) after the 1990 amendments, the Sixth Circuit Court of Appeals, in determining whether or not a venue is proper, asks "whether the district the plaintiff chose had a substantial connection to the claim, [and] whether or not other forums had greater contacts." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). The Court in *Bramlet* went on to "hold that in diversity of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Bramlet*, 141 F.3d at 263-4.

In the instant matter, the complaint filed by the Plaintiff was properly filed in the Western District of Kentucky. In this matter, a diversity jurisdiction case, the events in question that led to the claims all took place within the Western District of Kentucky, including incidents at banks in Mayfield, Kentucky and Clinton, Kentucky. Accordingly, a substantial part of the events that gave rise to the claim took place in this district. Therefore, the Defendant has not demonstrated that the venue in this matter is improper.

### 3. Personal Jurisdiction

Though the Defendant did not properly assert a personal jurisdiction argument in her motion to dismiss, the Defendant mentions this contention within the context of her venue argument; as such, the Court will address this matter.

In *Dean v. Motel 6 Operating L.P.*, the Sixth Circuit Court of Appeals set out the rule for establishing personal jurisdiction over a non-resident for purposes of a federal diversity action in

Kentucky. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998).  The Court

stated:

> The standards for establishing personal jurisdiction under the Kentucky long-arm
> statute are well-established: the Kentucky long-arm statute has been understood to
> reach the limit permitted by the Constitution. Thus, the single issue is whether the
> jurisdiction sought is within the requirements of due process. We have historically
> employed the following criteria to determine if personal jurisdiction is appropriate:
> First, the defendant must purposefully avail himself of the privilege of acting in the
> forum state or causing consequence in the forum state. Second, the cause of action
> must arise from the defendant's activities there. Finally, the acts of the defendant or
> consequences must have a substantial enough connection with the forum state to
> make the exercise of jurisdiction over the defendant reasonable.

*Dean* at 1273 (*citing Tobin v. Astra Pharmaceutical Products, Inc.*, 993 F.2d 528, 542-43 (6th

Cir. 1993)).

In the instant matter, the personal jurisdiction sought over Prather satisfies the

requirements of due process.  In looking at the facts of the complaint, the Defendant purposefully

availed herself to the Commonwealth of Kentucky when she and her mother allegedly deposited

and/or cash checks in at least three (3) Kentucky banks.  The Defendant allegedly assisted her

mother in this process by driving her throughout the Commonwealth, and helping her mother

deposit and/or cash the checks at the named financial institutions mentioned *supra*.  The claims

asserted against the Defendant by the Plaintiff arose from her activities in Kentucky, and related

to the alleged improper financial transactions in Mayfield and Clinton, respectively.  Lastly, the

activities of the Defendant involved commercial transactions within the Commonwealth of

Kentucky, when the Defendant allegedly actively participated in at least three (3) improper

financial activities at three (3) Kentucky financial institutions.  These actions demonstrate a

connection to the Commonwealth for this Court to reasonably exercise jurisdiction over the

Defendant.  Accordingly, the Defendant has failed to demonstrate that this Court does not have

6

personal jurisdiction over her in this matter.

### 4. Statute of Limitations

The Defendant has offered no facts, law or evidence in support of her claim that the claim

is barred by the statute of limitations; nonetheless, the Court will address this matter.

In his response to the Defendant's motion to dismiss, the Plaintiff has correctly stated

that the statute of limitations for this matter is five-years. *See* KRS 413.120(1).  In Kentucky, the

discovery rule is a means "by which to identify the 'accrual' of a cause of action when an injury

is not readily ascertainable or discoverable." *Wiseman v. Alliant Hospitals, Inc.*, 37 S.W.3d 709,

712 (Ky. 2000).  As such, the statute of limitations begins to run on the date of the discovery of

the injury, or from the date it should have been discovered, in the exercise of ordinary care and

diligence. *Id.* at 712 (*quoting Hackworth v. Hart, Ky.*, 474 S.W.2d 377, 379 (Ky. 1971)).  "This

rule entails knowledge that a plaintiff has a basis for a claim before the statute of limitations

begins to run.  The knowledge necessary to trigger the statute is two-pronged; one must know:

(1) he has been wronged; and, (2) by whom the wrong has been committed." *Id.* (*citing Drake v.*

*B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir.1986); *See also Hazel v. General Motors Corp.*,

863 F. Supp. 435, 438 (W.D.Ky.1994) (stating "Under the 'discovery rule,' a cause of action will

not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have

discovered, not only that he has been injured but also that his injury may have been caused by

the defendant's conduct."))).

In the instant matter, the facts indicate that the rightful heirs of Maddox's estate did not

become aware of the improper transactions until May 2002.  Prior to May 2002, when heirs

asked the Defendant about the Edward Jones account that belonged to Maddox, Prather denied

that she knew of that account.  Before Maddox's death in 1999, power of attorney and the estate

of Maddox was in the hands of the Prather family; Mrs. Prather, the mother of the Defendant,

before the death of Maddox in 1999, and Mr. Prather, the uncle of the Defendant, after Maddox's

death.  The fact that the family of the Defendant had control over the financial records and tax

filings of the estate significantly limited the ability of the rightful heirs to discover, even with

reasonable diligence, the injuries due to the alleged activities of the Defendant.  As such, the

statute of limitations in this matter did not accrue until May 2002.  Accordingly, the Plaintiff

brought his claims against the Defendant within the legally applicable statute of limitations

window.

<strong>CONCLUSION</strong>

The foregoing reasons, the Defendant's Motion to Dismiss is **DENIED**.

An appropriate order shall issue.