UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:05cv-22-R

J. LEE JOHNSON, ADMINISTRATOR OF
THE ESTATE OF WILLIAM PRESTON
MADDOX, deceased                                                                                       PLAINTIFF

v.

LINDA W. PRATHER                                                                                    DEFENDANT

## OPINION & ORDER

This matter comes before the Court on the Defendant's Motion to Reconsider (Docket #25) the Court's Memorandum and Opinion of September 28, 2006 (Docket #23). The Plaintiff has responded (Docket #27). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Reconsider is **DENIED**.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

As previously stated by the Court in its September 28, 2006 opinion, 28 U.S.C. §1391(a) states in relevant part:

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

In particular, in looking at §1391(a)(2) after the 1990 amendments, the Sixth Circuit Court of Appeals, in determining whether or not a venue is proper, asks "whether the district the plaintiff chose had a substantial connection to the claim, [and] whether or not other forums had greater contacts." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).  The Court in *Bramlet* went on to "hold that in diversity of citizenship cases the plaintiff may file his complaint in any forum where a substantial part of the events or omissions giving rise to the claim arose; this includes any forum with a substantial connection to the plaintiff's claim." *Bramlet*, 141 F.3d at 263-4.

In the instant matter, the Plaintiff has been the only party who has provided a complete rendition of the facts in this matter, as stated in his complaint.  As far as the Court can tell at this point of the litigation, right after the death of Mr. Preston Maddox an $18,841.65 cashier's check issued by the First National Bank in Clinton, Kentucky was deposited into a joint bank account owned by the Defendant and her mother to an account in North Carolina; however, the funds in question were transferred *directly* from the Kentucky bank to the Defendant's bank account in North Carolina.  This event, taken into consideration with the other alleged questionable transactions involved in this matter that took place in Kentucky prior to death of Mr. Maddox, satisfies the venue burden as stated by the Sixth Circuit Court of Appeals in *Bramlet*, as a substantial part of the events that give rise to this controversy took place within the Western

District of Kentucky. *Id.* at 263-4.   In addition, the Plaintiff further asserts that more funds were removed from a second Kentucky bank, the First National Bank in Mayfield, Kentucky, and the Plaintiff plans to bring out more evidence on this claim during discovery.  Accordingly, venue in this matter is proper in the Western District of Kentucky.

**IT IS SO ORDERED:**

The Defendant's Motion to Reconsider is **DENIED**.